The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, AR 72431-0079
Dear Senator Critcher:
I am writing in response to your request for my opinion regarding what you characterize as "a possible conflict with a city ordinance and the federal Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) [Public Law 106-274]." You have offered the following factual background information:
 A city of the First Class wishes to modify one of its zoning ordinances, which pertains to Residential Historical Districts. Once modified, the subsection would then read:
 C. Existing uses in the Residential Historic District may be continued even in the event of the partial or complete destruction of an existing structure. Provided, however, if a historic structure within a Residential Historic District shall be used as a single-family residence, then the use of the property thereafter shall not be used for any purpose other than single family residential use.
 The current wording of the city's ordinance applies only to the structure on the property, not the entire property. The new wording (in the excerpt above) would apply to the entire property, including the land.
Against this backdrop, you have posed the following question:
 If a church were to change the use of a piece of its property, which lies in a Historic Residential District, from a residence to a parking lot, but the city denies the change in use citing the above ordinance, could the church claim that it is being denied permission to use its property under the new RLUIPA federal law?
RESPONSE
I am unable to answer your question, which is far too fact-intensive to be addressed in an Attorney General's opinion. The Attorney General renders opinions on matters of state law, not on the construction of local ordinances or federal statutes. Based upon your request as posed, I am unable to determine either the intent of the proposed ordinance you have excerpted or its relationship to a church's proposed construction of a parking lot. If the local governing body adopts the recited subsection, construing its language will be an undertaking for a court within the local domain, not for this office. For these reasons, I can only suggest that the aggrieved (or possibly soon-to-be-aggrieved) church retain local counsel, who can render advice based on a full understanding of the underlying facts.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh